**CASWELL et al. v. BIRD et al.**

No. 22952. Opinion Filed Dec. 6, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., and Robert. D. Crowe, Asst. Atty. Gen., for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the State Industrial Commission, which is as follows:

"Now, on this 17th day of September, 1931, the State Industrial Commission being regularly in session, this cause comes on in its regular order for consideration pursuant to hearing held at Bartlesville, Okla., on the 10th day of September, 1931, on motion of claimant to reopen cause and award further compensation before Commissioner Fred H. Fannin; at which hearing, claimant appeared in person, the respondent and insurance carrier being represented by J. D. Ford, and the Commission, after reviewing the testimony taken in this cause, after examining all the records on file, and being otherwise well and sufficiently advised in the premises, finds:

"1. That claimant, John Bird, on the 28th day of February, 1920, was in the employment of the respondent Chas. H. Caswell, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of his employment, said claimant sustained an accidental personal injury on February 28, 1920; that claimant filed his claim for compensation on March 12, 1920; that this Commission, on the 29th day of March, 1920, made its order directing respondent or its insurance carrier to pay claimant compensation from February 28, 1920, less the five-day waiting period, at the rate of $10.38 per week, until the final termination of disability or until further ordered; that no order was made discontinuing said order; that thereafter, respondent or its insurance carrier paid claimant sums totaling $115.91 for eleven weeks and 1 day, the same being for temporary total disability; that nothing was paid claimant for permanent partial disability; that claimant's injury was to the soft structures of the ankle joint.

"2. That on the 13th day of July, 1931, claimant filed his motion to determine extent of permanent disability, and on the 10th day of September, 1931, claimant was permitted to amend his motion by interlineation, alleging a change of condition.

"3. That claimant has suffered a change of condition in that, he has suffered a permanent partial disability to the extent of 33 1/3 to left leg below the knee.

"4. That the permanent disability was never determined by this Commission and this Commission has jurisdiction to hear and determine the extent of claimant's disability.

"5. That the claimant's average monthly wage at the time of the injury was $90.

"The Commission is of the opinion. 'By reason of the aforesaid facts, that claimant is entitled to 50 weeks' compensation at the rate of $10.39 per week for 33 1/3 per cent. permanent partial disability to left leg below the knee, and that claimant is entitled to all medical expense incurred by him as a result of said injury.

"It is therefore ordered: That within 15 days from this date, the respondent Chas. H. Caswell, or its insurance carrier. Aetna Life Insurance Company, pay to claimant the sum of $86.58, which is compensation at the rate of $10.39 per week from July 13, 1931, to September 10, 1931, and pay claimant compensation weekly or semi-monthly until 50 weeks' compensation shall have been paid from July 13, 1931, for 33 1/3 permanent partial disability to left leg below the knee, and pay all medical expense incurred by claimant as a result of said injury.

"It is further ordered: That within 30 days from this date, the respondent or insurance carrier herein, file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

The position is taken by the petitioner that if the injury for which the employer is held liable occurred in the year 1920, the allowance of compensation as for a proportionate part of the allowance for the loss of a leg was erroneous, and this is conceded by the attorney for the Industrial Commission. The applicable provision appears to be a portion of the 3rd subdivision of section 7290, C. O. S. 1921, which is as follows:

"Other cases: In all other cases in this class of disability the compensation shall be 50 per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability; not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon the application of any party in interest."

It follows that the award should be vacated under this provision of law.

A further position is taken that the Commission has no jurisdiction to reopen the

case, except on proof of change in condition. This, of course, depends on the acts of the Legislature governing the matter. In the original act of 1915, there was a clause making the jurisdiction of the Commission continuous in each case. That appears in C. O. S. 1921. as section 7325, which is as follows:

"The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just, including the right to require physical examination as provided for in section 9 of article 2 of this act (7293), and subject to the same penalties for refusal."

It was amended in 1923, ch. 61, but after jurisdiction had attached in this case. The portion of section 7290, quoted above, specially provides for reconsideration in a case of the kind to which this belongs.

An inspection of the original order that was made in this case, that appears in the record, is convincing that there never was any final award entered in this case. The original award is found at page 7 of the record, and is as follows:

"Now, on this 29th day of March, 1920, this cause coming on to be heard in its regular order pursuant to legal notice given, and the Commission having examined the reports on file and being well and sufficiently advised in the premises, finds: that the claimant, while in the employ of the respondent and in the course of his employment, was injured on the 28th day of February, 1920, and that he is entitled to compensation beginning on the 28th day of February, 1920, at the rate of $10.38 per week and continuing until the termination of the disability.

"It is ordered: That within ten days from this date Aetna Life Insurance Company, or Charles H. Caswell pay to the claimant compensation computed from the 28th day of February, 1920, at the rate of $10.38 per week, and continue said payments weekly until the final termination of disability or until otherwise ordered by the Commission. And also pay all medical expenses as may be necessary as the result of said accident, during 60 days after the injury, or for such time in excess thereof as in the judgment of the Commission may be required; such charges shall not exceed the sum of $100 unless approved by the Commission.

"I do hereby certify that the above and foregoing is a true copy of the original order now on file in my office. Witness my hand and official seal of said State Industrial Commission, this ____ day of _____, 192__.

_____

"Secretary, State Industrial Commission."

An effort was made on the hearing to bring the case within the change of condition doctrine, but it was not necessary so to do with an award worded as this was. However, there was proof that there was a partial disability resulting from the accident, and some proof that it was progressive and that the disability was continuing. It is further evident that for this disability no award has ever been made, and that the jurisdiction vested in the Commission of all the parties and subject-matter.

The case of Staley-Patrick Drilling Co. v. State Industrial Commission, 88 Okla. 260, 212 P. 1006, reversing the Commission's award covering an injury similar to this, is cited in the briefs, and under the law appears to be applicable and controlling here, though the plain requirements of the statute point the way, which, no doubt, the Industrial Commission will follow on the second hearing.

The award is accordingly vacated, and the matter remanded to the Industrial Commission to take further proceedings in the matter, as right and justice may appear, and in accordance with the views herein expressed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., absent.