BAPTIST GENERAL CONVENTION v. OKLAHOMA TAX COMMISSION.

No. 30613. Oct. 30, 1945.

*162 P. 2d 1012.*

Billups & Billups, of Oklahoma City, and Julian B. Fite, of Muskogee, for plaintiff in error.

A. Francis Porta, of El Reno, and A. L. Herr and A. D. Howell, both of Oklahoma City, for defendant in error, Oklahoma Tax Commission.

DAVISON, J. This cause is presented on appeal from an order of the Oklahoma Tax Commission assessing a use tax in the sum of $94.01, plus interest and penalties in the sum of $37.81, by reason of goods purchased outside the state for use and consumption within the state by the Oklahoma Baptist Hospital at Muskogee, Okla.

The Baptists of this state operate a hospital at Muskogee, Okla., known as the Oklahoma Baptist Hospital. In the year from October 1, 1937, to September 30, 1938, that hospital purchased a sufficient amount of tangible personal property to render it possibly liable for use tax in the sum of $94.01. The Oklahoma Tax Commission ascertained the fact that the tangible personal property had been acquired and the value thereof. It then notified the Baptist General Convention of the State of Oklahoma and advised that the amount due for tax, penalty, and interest was $131.82.

On November 25, 1940, the Baptist General Convention filed its protest against the tax and asked that the tax be canceled. The protest was heard on March 3, 1941, and the decision thereof delayed until September 15, 1941, at which time the Tax Commission decided that the tax protestant, Baptist General Convention, in the maintenance of the Oklahoma Baptist Hospital was engaged in a business for profit or savings and was competing with other persons engaged in the same or similar business.

The Tax Commission decided that the tax protestant was legally indebted to the state in the sum of $131.82 and that its protest against payment of the tax should be denied.

The Baptist General Convention of the State of Oklahoma has appealed to this court.

This brings us to a consideration of the provision of the Use Tax Act, S. L. 1937, ch. 66, art. 11, pg. 456, which is said to exempt the tax protestant from taxation. Subdivision (e) of section 5 of the act reads:

"The provisions of this act shall not apply: . . .

"(e) In respect to the use of tangible personal property now specifically exempted from taxation under the law of Oklahoma assessing a sales' or consumers' tax upon the sale of tangible personal property."

Section 6, subdivision (i), of the Sales Tax Act, S. L. 1937, ch. 66, art. 10, pg. 445, is as follows:

"There is hereby specifically exempted from the tax imposed by this act the following:

"(i) The gross receipts or gross proceeds derived from the sale of tangible personal property, or service to charitable organizations, except where such organizations may be engaged in business for profit or savings, competing with other persons engaged in the same or similar business."

Under the foregoing statutory provisions the Baptist General Convention states that "it is not engaged in business for profit or savings." In support of this position our attention is called to the fact that during the year involved in this action the Baptist General Convention sustained a net loss of $8,485.56 through operation of the Oklahoma Baptist Hospital. It appears from the record that during the year involved, 1,871 patients were treated in the hospital, of which number 1,212 were full pay patients; 145 were partial

pay patients; and 394 were public charges which came from public or private health groups who were received and treated at still lower rates; and 120 were full charity patients who paid nothing. The record further reveals that the hospital does not refuse patients because of inability to pay. The record further shows that over a nine-year period, including the year involved herein, the sum of $106,647.70 had been donated toward the upkeep of the hospital by the Baptist General Convention and other direct contributors.

In calculating the amount of loss, two items were considered which the Tax Commission contends should not be used in determining whether or not the hospital made a profit over and above its operating expenses. These items were bond interest and bond expense in the amount of $6,973.45 and agreed depreciation in the amount of $4,449.10. If the Tax Commission is correct in its contention that these items are not deductible from the gross income in determining the amount of profit, then the hospital made a profit during the year involved of $2,849.32. On the other hand, if both or either of these items is deductible, then the hospital sustained a loss. After advancing the argument that these items cannot properly be considered, the Tax Commission then contends that whether or not a profit was made is not material to determining if the hospital was operating "for profit or savings". With this last contention we do not agree. The intent of the Legislature was clearly expressed when it said that charitable organizations were exempt if not engaged in business for profit or savings. It is thus important to determine if a profit is being realized. Of course, a loss for one year would not prove that an organization was not engaged in business for profit, and would only prove that a loss was sustained during the one year. But if such an organization continues to operate for a period of years, and year after year sustains a loss, then the only reasonable and logical conclusion to reach would be that

profit or savings was not the objective of the organization, but that some other motive prompted its existence and survival.

There was offered in evidence the affidavit of John T. Daniel, recording secretary of the Baptist General Convention, which set forth that the hospital was conducted as a service to the people of Oklahoma and not for the purpose of making a profit or effecting a savings. Objection that the affidavit stated mere conclusions and no facts from which such conclusions could be drawn, and was incompetent, irrelevant and immaterial, was sustained.

In conjunction with the above mentioned affidavit there was also offered in evidence the affidavits of Oscar R. Davis, resident manager of Walf & Company (auditors), and Andrew Potter, secretary-treasurer of the Baptist General Convention. Mr. Davis was in charge of the annual audit of the Oklahoma Baptist Hospital from October. 1, 1931, to Sept. 30, 1940. A summary of the audit reports was included in the affidavit. Affiant Andrew Potter confirmed the summary as true and correct. It was agreed between the parties that testimony could be offered in evidence by affidavits instead of depositions. However, objection was made to these affidavits on the ground the data contained therein was irrelevant and the period of time covered by the audit was prior to the Use Tax Act. The objection was sustained.

We are of the opinion that it was error to fail to consider the affidavits and ignore the audit report. Under the exemption contained in section 6, subdivision (i), supra, it is imperative that it be determined if a charitable organization is engaged in business for profit or savings. If not engaged for profit or savings, then the exemption should apply. As previously said, a loss for a period of years is good evidence that an organization, which cares for charity patients, is not prompted by the profit motive.

It is now necessary to determine what

items are deductible in order to calculate the net profit realized. The conflict concerns two items, payment on bonded indebtedness and depreciation. The Tax Commission contends that neither is deductible. With this we cannot wholly agree. We are constrained to hold that depreciation is an allowable item in determining whether or not the hospital was operating at a profit. We reach this conclusion because profit or savings implies a gain resulting from the employment of capital. In the instant case it means a pecuniary gain resulting from the operation of the hospital. See vol. 34, Words and Phrases (Perm. Ed.) pg. 215. As profit does not refer to what is already owned but is an accretion to what is already possessed, a distinction is made between money paid on bonded indebtedness and money set aside for depreciation, to replace that which is already owned.

Allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the business equipment, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost. United States v. Ludey, 274 U. S. 295, 71 L. Ed. 1054.

During the period from October 1, 1931, to September 30, 1940, the total income of the Oklahoma Baptist Hospital was $558,546.04. The total expenses, exclusive of depreciation and bond costs, was $512,169.86. Depreciation for this period was $68,113.44. Having ruled depreciation an allowable item of expense, the Oklahoma Baptist Hospital operated at an actual loss of $21,737.28 over the above period of time.

During the year with which we are now concerned, the income was $57,879.-61. The operating expenses were $59,-265.99 (including the agreed depreciation, $4,449.10). This shows a loss of $1,386.38 for the year.

The Tax Commission contends its position is sustained by Oklahoma Tax Commission v. Sisters of the Sorrowful Mother, 186 Okla. 339, 97 P. 2d 888. In that case the Tax Commission was attempting to assess the use tax against the St. John's Hospital, located in the city of Tulsa. The hospital was owned and operated by plaintiff, a charitable organization organized as a corporation under the laws of Wisconsin, and authorized to do business in the State of Oklahoma. The contention of the Tax Commission that plaintiff was engaged in said business for profit or savings was upheld on appeal. In the second paragraph of the syllabus we said:

". . .Held that where a charitable organization is engaged in a business which is designed to and does produce an income in excess of the operating expense thereof, and such business is such that it comes in competition with other persons engaged in the same or similar business, such charitable organization is not exempt from the payment of the 'use tax' irrespective as to what use the net income from said business may be applied." (Emphasis ours.)

It is readily apparent that we are now confronted with a situation unlike the one in the cited case. In the cited case an operating loss was not shown to have been incurred. The record before us does not disclose that the Oklahoma Baptist Hospital in Muskogee ever made a profit in any year since it was organized. On the contrary, the record shows that it operated at a loss for nine consecutive years. Because of this distinguishing factor we hold Oklahoma Tax Commission v. Sisters of the Sorrowful Mother, supra, inapplicable.

We are of the opinion, and hold, that under the concrete facts in this case it is shown conclusively that to date the plaintiff in error was not operating the hospital for profit or savings.

The cause is reversed, with directions to enter judgment for the Baptist General Convention.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, and CORN, JJ., concur.