# CITY OF CLAREMORE v. OKLAHOMA TAX COMMISSION.

No. 32035.   April 16, 1946.

Rehearing Denied June 4, 1946.

*169 P. 2d 299.*

224

Frances Holtzendorff, City Atty., of Claremore (Holtzendorff & Holtzendorff, of Claremore, of counsel), for plaintiff in error.

E. L. Mitchell and C. W. King, Attorneys for Oklahoma Tax Commission, for defendant in error.

CORN, J. This is an appeal by the city of Claremore from an order of the Tax Commission assessing sales tax liability against the city under the Sales Tax Act (68 O. S. 1941 § 1251 et seq.)

For many years the city of Claremore, hereafter called the city, has owned and operated an electric light and water system, furnishing services to residents and also to persons living outside the corporate limits of the city. As to the consumers residing outside the corporate limits, the city has collected and remitted the sales tax, but no taxes have been collected from the users residing within the corporate limits.

June 19, 1939, the Oklahoma Tax Commission, hereafter called the commission, made an assessment against the city for delinquent sales taxes for the period April 23, 1935, to April 30, 1939, including penalties and interest to May 20, 1939. Upon notice of such proposed assessment the city filed the required protest and the matter was set down for hearing. The protest was overruled and an order entered finding the city liable for the entire amount of the assessment, with penalties.

The city neither made payment on such assessment nor thereafter made any effort to collect the tax from the consumers within the corporate limits. The commission made no effort to enforce the assessment until June 22, 1944, when the city was notified of the commission's intention to levy an additional assessment for sales tax due on electricity sold up to and including May 30, 1944, with interest and penalties.

The city filed protest against such assessment. Hearing was had, evidence introduced, and a stipulation of facts entered into. At the conclusion of the hearing the commission overruled the protest and entered the order herein appealed from, based upon the original assessment, together with the further assessment, penalties and interest.

The stipulation of facts entered into between the parties to this appeal is as follows:

"It is hereby agreed and stipulated, by and between the protestant, City of Claremore, that the only controversy to be determined by the Oklahoma Tax Commission in this case is the legality of the Sales Tax Act as applied to the City of Claremore, and the validity of the tax assessment based thereon, in the light of the contention of the City of Claremore, represented by its protest, that the Act of the Legislature attempting to provide for the levy and assessment of the sales tax against municipalities is in violation of section 6, article 10, of the Oklahoma Constitution, which exempts property of municipalities from taxation as therein set out and expressed; that the question of the statute of limitations from the 19th day of June, 1939, to and including a period beginning three years thereafter, and running to the date of the present assessment, is also to be deter-

mined by the Oklahoma Tax Commission in this controversy; that there is no dispute as to the amount of the tax, interest or penalty involved, necessary to be determined by the Oklahoma Tax Commission, but the only question to be determined is one of the legal right of the Oklahoma Tax Commission to levy and enforce the tax."

For the purpose of this appeal particular attention will be directed to three propositions, which we deem decisive of the issues herein involved. The first contention is the proposition that the statutes, 68 O.S. 1941 § 1251 et seq. (commonly denominated the Consumers or Sales Tax Act) insofar as it attempts to clothe the commission with authority to make such assessments against municipalities (i.e., for sales tax on electric energy sold to the citizenry) is unconstitutional and void, being an indirect levy of taxes upon municipal property in violation of section 6, art. 10, of the Constitution of this state.

Particularly in view of recent decisions of this court, we are of the opinion the argument offered by the city is without merit, and the authorities cited are not applicable. We have considered related phases of this question in the past. City of Ardmore v. State ex rel. Oklahoma Tax Commission, 168 Okla. 316, 32 P. 2d 728, holding that the exemption granted by section 6, art. 10, applies to a property tax, and not to an excise tax. In Oklahoma Tax Comm. v. Sisters of the Sorrowful Mother, 186 Okla. 339, 97 P. 2d 888; Baptist General Convention v. Oklahoma Tax Comm., 196 Okla. 96, 162 P. 2d 1012, wherein we recently held that the sales tax is an excise tax, and that the provisions of section 6, art. 10, do not exempt religious organizations from payment of such tax.

More recently this question has been before the court in Re City of Enid, 195 Okla. 365, 158 P. 2d 348, 159 A. L. R. 358, a case very similar to the matter now before the court. Therein the city had appealed from an adverse order of the commission in a proceeding upon its protest against the assessment of sales tax upon admission tickets to a municipal swimming pool. After conclusively demonstrating that the tax in question is an excise tax and not a property tax, we said, in paragraph 2 of the syllabus:

"Taxes upon the gross proceeds or receipts from the sale of admissions to a swimming pool owned and operated by a municipal corporation levied pursuant to the provisions of the Oklahoma Consumer's Tax Law of 1935, art. 7, ch. 66, S. L. 1935; The Consumers and Users Tax Act 1937, art. 10, ch. 66, S. L. 1937; and The Consumers and Users Tax Act 1939, art. 11, ch. 66, S. L. 1939, are 'excises' and the assessment and collection of such taxes does not constitute an attempt to tax the property of a city or town in violation of sec. 6, art. 10, of the Constitution."

In view of our decisions in Baptist General Convention v. Oklahoma Tax Comm., supra, and in Re City of Enid, supra, we are of the opinion, and hold, that provisions of the (Consumers Sales Tax) act are not in contravention of sec. 6, art. 10, of the Constitution, as urged by the city.

In the second contention it is urged that the proposed assessment is one which the commission is without authority to make, since it (a) purports to create a debt against the city, based neither upon contract or tort, and not authorized by the citizens of the municipality, thus violating section 26, art. 10, of the Constitution; (b) undertakes to establish the city's liability for nonfeasance of officers in a matter wherein they were acting, not on behalf of the city, but as agents of the state.

In considering this second contention it is necessary to consider factors determinative of the questions raised by this proposition. The first inquiry concerns the authority of the Legislature to impose duties or obligations upon municipalities.

It is generally recognized that municipal corporations hold and exercise their powers subject to legislative control. State v. Tibbetts, 21 Okla. Cr. 168, 205 P. 776. The state has the pow-

er to require municipal subdivisions to perform certain duties of state concern. Where such obligation is incurred in the discharge of a duty which is of state or public interest, the city cannot object thereto upon the ground that such duty was imposed without the city's consent. 43 C.J. 279, § 301; 37 Am. Jur. § 76; Bissell v. Jeffersonville, 24 How. (U.S.) 287, 16 L.Ed. 664. The powers of municipal corporations being derived from the state, through the Legislature, such powers may be granted, enlarged, or entirely withdrawn at will. City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640, 35 A.L.R. 872.

A municipality is only a political subdivision of the state, engaged in exercising governmental functions in a particular locality. City of Tulsa v. Wheetley, 187 Okla. 155, 101 P. 2d 834; Public Service Co. of Okla. v. City of Tulsa, 174 Okla. 58, 50 P. 2d 166.

68 O.S. 1941 § 1251a specifically enumerates municipalities as being included in the term "person" as used in the (sales tax) act. Being so enumerated, it is apparent that municipalities are among the entities upon which the Legislature saw fit to place the obligation and responsibility of collection of the sales tax.

Having been included in the act upon the same basis as all other persons, firms and corporations, it necessarily follows that the city, insofar as the act itself is concerned, stands in exactly the same light as any private corporation operating a public utility in this state.

It is elementary that a private corporation, acting by and through its officers, is bound by the misfeasance or nonfeasance of such officers. Our Legislature has seen fit to impose, by specific legislative enactment, an obligation which places municipal corporations upon the same basis as private corporations to the extent that they are required to perform certain functions, collection and remission of sales tax, exactly as private corporations are required to do.

When viewed in this manner the fallacy of the city's argument that its officers were acting as agents of the state, insofar as collection of sales tax was concerned, and not on behalf of the city, is apparent.

As a further portion of the second proposition, the city urges the commission's lack of authority to make any assessment, since same purports to create a debt against the city, based neither upon contract nor tort, and not authorized by the citizens of the municipality, thereby violating section 26, art. 10, of the Constitution.

We conclude the assessment herein is not violative of section 26, art. 10, of the Constitution, not being a contractual obligation within the meaning of the debt limiting provision, but rather an obligation imposed upon the city by legislative enactment, as is within the power of the Legislature. City of Perry v. Johnson, 106 Okla. 32, 233 P. 679; Wilson et al. v. City of Hollis et al., 193 Okla. 241, 142 P. 2d 635; Board of Ed. of City of Chickasha, v. City of Chickasha ex rel. Pool, 195 Okla. 127, 155 P. 2d 723. All holding that an annual levy required by statute to be made is not a contractual obligation within the purview of section 26, supra, but an obligation fixed by operation of a legislative enactment. See, also, Smartt v. Board of County Com'rs, Craig County, 67 Okla. 141, 169 P. 1101.

Plaintiff's final contention is that the assessment is barred by the statute of limitations provided in 68 O.S. 1941 § 1472, which provides in part as follows:

"No assessment for any tax levied under the provisions of any State tax law except as provided in paragraphs 2, 3, and 4 of this Section, shall be made after the expiration of three (3) years from the date the report or return is filed and no proceedings by tax warrant or in court without a previous assessment for the collection of such tax shall be begun after the expiration of such period. . . ."

The record discloses that on June 19, 1939, the commission made an assess-

ment against the city for delinquent sales taxes for the period from April 23, 1935, to April 30, 1939, including interest and penalties to May 20, 1939. The city filed its protest, hearing was had, and an order entered fixing the city's liability up to and including April 30, 1939.

Nothing further was done until June 22, 1944, when the commission notified the city of its intention to make a further assessment for delinquent sales taxes. The city filed protest and a hearing was had, resulting in the entering of the order herein appealed from. During the course of this hearing it was pointed out to the commission that an order of assessment, based upon the hearing of June 19, 1939, had been made, to which the city had filed protest, which was overruled and a final assessment entered.

However, such order was not to be found, and at the time of the present hearing this was called to the commission's attention, with the request that any order made by the commission in the instant proceedings contain a reaffirmance of the order of June 19, 1939. Thereafter, on October 30, 1944, the commission entered the present order, wherein it was found that the order of June 19, 1939, was entered, unappealed from, and was a final adjudication.

Two propositions then are to be considered in passing upon the city's contention that the tax liability assessed by the commission is barred by the statute of limitations. First. Is the three (3) year statute of limitations set up in section 1472, supra, binding upon the state? Second. If the statute is effective, what is the result of the application of the statute to the orders of assessment from which the city has appealed?

The Legislature may, without violating constitutional rights, enact special laws of limitation, since such statutes operate on the remedy directly without extinguishing the right. See 34 Am. Jur., Limitations of Actions, § 17.

Nor is it a destruction of a right or privilege to limit the time within which it may be asserted. See United States v. Morena, 245 U.S. 392, 62 L.Ed. 359, 38 S.Ct. 151; In re McClure, 21 F. 2d 538.

The provisions of the Sales Tax Act providing a limitation statute were passed in one act, wherein the Legislature exercised its power to grant or to withhold certain rights, covering the levying, assessment and collection of sales taxes from the citizenry. The Legislature had the authority to grant such rights absolutely, to withhold them, or to confer them subject to such restrictions and conditions as it (the Legislature) saw fit to do.

In this connection the Legislature provided for the levying and collection of the tax, but further determined the propriety of affixing a limitation upon the state's right, acting by and through the defendant, as to the period of time within which any assessment for sales tax could be made.

Having made this a condition upon the right of the state to proceed in the matter, by expressly asserting this period of limitation within which the state could resort to the remedy afforded by the act, we hold that the limitation contained in section 1472, supra, is binding upon the state.

In view of the foregoing, it is incumbent upon us to determine the extent to which this limitation is to be applied to the orders of assessment entered by the commission.

Attention to the language of section 1472, supra, discloses that the limitation is against any *assessment* being made after the expiration of three years from the date a report or return is filed. Where no previous assessment has been made, no proceedings can be instituted for collection of delinquent sales tax after the expiration of this three-year period. The statute places no limitation upon the right to collect delinquent tax after the assessment has been made, but only establishes that

228

no proceeding to collect such tax can be commenced unless based upon an assessment made within such period.

The record reflects assessments were made within three years of the report of certain of the taxes to be considered herein.

It must then be clear that all delinquent taxes, assessed in the order of June 19, 1939, which show to have been reported or returned more than three years prior to the date of assessment, are to be excluded in the computation of the tax liability, because barred by the limitation set up in the act.

What was said above applies with equal force to the assessment made under the order of October 20, 1944, whereby liability for delinquent taxes covering the period from April 30, 1939, to July 17, 1944, were assessed.

The order is reversed in part and the cause remanded to the Oklahoma Tax Commission for further proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur. WELCH, J., dissents.