OPINION — AG — THE QUESTION WHETHER GOODS SOLD TO CHURCH SPONSORED DAY CARE CENTERS ARE EXEMPT FROM SALES TAX UNDER 68 O.S. 1979 Supp., 1305 [68-1305](E) TURNS ON WHETHER THE SPONSORING ORGANIZATION IS " ENGAGED IN BUSINESS FOR PROFIT OR SAVINGS " AND IS " COMPETING WITH OTHER PERSONS ENGAGED IN THE SAME OR SIMILAR BUSINESS ", BOTH OF WHICH RAISE QUESTIONS OF FACT. (TANGIBLE PERSONAL PROPERTY OR SERVICES TO OR BY CHURCHES) CITE: 68 O.S. 1979 Supp., 1305 [68-1305] (MARY BRYCE LEADER)
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your opinion request which asks, in effect: Are goods sold to church-sponsored day care centers exempt from sales tax? One of the sales tax exemptions in 68 O.S. 1305 [68-1305] (1979) is: "(e) Sale of tangible personal property or services to or by churches, except where such organizations may be engaged in business for profit or savings, competing with other persons engaged in the same or similar business." The issue, then, is whether church-sponsored day care centers fall within the statutory exception. It is axiomatic that tax exemptions are strictly construed. Bert Smith Road Machinery Co. v. Oklahoma Tax Commission, Okl., 563 P.2d 641
(1977). Recognizing this principle in Oklahoma Tax Commission v. Sisters of the Sorrowful Mother,186 Okl. 339, 97 P.2d 888 (1939), the Oklahoma Supreme Court interpreted the clause, "except where such organizations may be engaged in business for profit or savings, competing with other persons engaged in the same or similar business," to include a church-sponsored hospital. The term "profit or savings," held the Court, has nothing to do with the group's organization as a non-profit corporation or the fact that no "dividends" are paid to individual "stockholders." Rather, the language refers to profits in the accounting sense, that is whether "the business receipts exceed the operating expenses." See also Baptist General Convention v. Oklahoma Tax Commission,196 Okl. 96, 162 P.2d 1012 (1945). The Court further held that although the church-sponsored hospital accepted a number of charity patients, it was "in competition with" four other local hospitals to the extent that the majority of its patients "paid full rates." Thus, the language of the statutory exception of 68 O.S. 1305 [68-1305](e) (1979) to the tax exemption involves a factual determination. It is, therefore, the official opinion of the Attorney General that the question whether goods sold to church-sponsored day care centers are exempt from sales tax under 68 O.S. 1305 [68-1305](e) (1979) turns on whether the sponsoring organization is "engaged in business for profit or savings" and is "competing with other persons engaged in the same or similar business," both of which raise questions of fact. (MARY BRYCE LEADER) (ksg)