**R.L. ASHLOCK, Petitioner,**

v.

**LIBERTY GLASS COMPANY, Travelers Insurance Company, and the Workers' Compensation Court, Respondents.**

**No. 66937.**

Court of Appeals of Oklahoma, Division 2.

March 10, 1987.

Rehearing Denied May 11, 1987.

Certiorari Denied July 22, 1987.

Thomas W. Whalen, Tulsa, for petitioner.

Jerry H. Holland, Arthur H. Adams, Sanders & Carpenter, Tulsa, for respondents.

BACON, Judge.

Worker filed a claim for lung damage two and one-half years after his last hazardous exposure with Employer. Worker left Employer's employment on March 31, 1983, and filed his claim on January 6, 1986.

When the case came on for trial, the trial judge indicated that he felt that the claim

was barred by the two-year statute of limitations as a matter of law. 85 O.S.Supp. 1986 § 43(A). That is, the judge felt that *any* claim filed after two years is now barred as a matter of law.

Worker then made an offer of proof which consisted of a showing that he first became aware of the fact that his lung problem was job-related when he was told such was the case by a doctor on December 20, 1985. That date would be some two weeks before he filed his claim in January 1986.

We hold that under 85 O.S.Supp.1986 § 43(A), effective November 1, 1985, the statute of limitations is not a bar as a matter of law in all cases. To hold otherwise would be to rule that under no circumstances can the section 43 statute of limitations be tolled or waived. *Smedley v. State Industrial Court,* 562 P.2d 847 (Okla.1977); *Munsingwear, Inc. v. Tullis,* 557 P.2d 899 (Okla.1976); *Buntin v. Sheffield Steel,* 707 P.2d 557 (Okla.Ct.App. 1985).

Under the *Munsingwear* and *Buntin* cases, the statute of limitations does not commence until the worker is "aware" of the injury and that the injury is job-related. In the present case, Worker offered to prove that he was not aware the injury was job-related until two weeks prior to filing his claim. Under these circumstances, we have no choice but to reverse and remand the case for trial.

Reversed and remanded.

REIF, J., concurs.

MEANS, P.J., concurs specially.

MEANS, Presiding Judge, specially concurring.

In this case, Worker filed his claim on January 6, 1986, for compensation, alleging lung damage which occurred while working for Employer before 1983. Employer asserted that Worker's claim was barred by the statute of limitations found in 85 O.S. Supp.1986 § 43(A), which became effective November 1, 1985, and provides in part:

Provided further however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.

Prior to the 1985 amendments, claims for compensation for cumulative effect injuries such as Worker's were governed by 85 O.S.1981 § 43, as well as the "awareness doctrine" as enunciated in *Munsingwear, Inc. v. Tullis,* 557 P.2d 899 (Okla.1976). Under *Munsingwear* the court established that a cumulative effect accident did not "occur" until the time of a worker's awareness or discovery of the defect or ill effect. Furthermore, the worker must be aware that this defect or ill effect was causally connected to his employment. *Id.* at 903.

The sole issue for this court concerns whether Worker's claim for compensation was governed by the 1985 amendments to section 43 or by the previous statute of limitations and its interpretation in *Munsingwear.* We need not reach the issue of Worker's awareness of the injury because the trial court improperly applied the 1985 amendment to determine that the claim was barred.

In my opinion the 1985 amendment under consideration could not affect Worker's rights to compensation. The right to compensation and the obligation to pay such benefits are vested and become fixed by law at the time of the injury. *Apple v. State Insurance Fund,* 540 P.2d 545, 547 (Okla.1975). A compensation claim is controlled by the laws in existence at the time of the injury and not by laws enacted thereafter. *Caswell v. Bird,* 160 Okla. 224, 16 P.2d 859 (1932). A worker's right to compensation is determinable by the laws in force when the injury was sustained, notwithstanding a subsequent amendment to the law. *Lee Way Motor Freight, Inc. v. Wilson,* 609 P.2d 777, 779 (Okla.1980).

In *Magnolia Petroleum Co. v. Watkins,* 177 Okla. 30, 31, 57 P.2d 622, 623 (1936), our supreme court established the rule relating to changes in statutes of limitations involving workers' compensation in the following:

The general rule is that the right of an employee to compensation arises from the contractual relation existing between him and his employer on the date of the injury, and the statute then in force forms a part of the contract of employment and determines the substantive rights and obligations of the parties, and that no subsequent amendment which has the effect of increasing or diminishing the amount of compensation recoverable can operate retrospectively to affect in any way the rights and obligations prior thereto fixed.

In the instant case, Worker's rights were fixed at the time of his injury and governed by the limitations period in effect at that time. Even in the absence of the awareness rule, Worker's last date of exposure was March 31, 1983. Even if Worker had been aware of his injury on that day, and there is no such finding by the trial court, Worker's cause of action would be governed by the former limitation period and the awareness rule.

As the *Magnolia Petroleum* court noted, a statute of limitations may undoubtedly affect actions which have already accrued as well as those which accrue after its passage. Whether the statute affects previously accrued actions will depend on the language of the statute and the legislative intent. However, the court noted that it will be presumed that the legislature did not intend for a statute to have the effect of absolutely barring an action which has accrued and then becomes barred with the passing of the statute. Such an intent is unconstitutional. 177 Okla. at 32–33, 57 P.2d at 625.

In the instant case, Worker's claim for compensation cannot be barred by the 1985 amendment.