### ROBINSON et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 26063. March 17, 1936.

Rehearing Denied April 21, 1936.

Butler & Brown, for petitioners.

Davis & Herring, for respondents.

BUSBY, J. In this action the petitioners. E. L. Robinson, Gibson & Zohniser Oil Corporation, and the Employers Liability Assurance Corporation, present for review an order and award of the State Industrial Commission by which the respondent Roy Fisher, as claimant, was granted compensation for permanent partial disability under the "other cases" clause of section 13356, O. S. 1931 (a part of the Workmen's Compensation Law).

In presenting their case the petitioners assert, in substance, that compensation should have been denied in this case because (1) claimant failed to file a claim or give written notice of the injury for more than three years subsequent thereto; (2) that the State Industrial Commission could not properly excuse the failure to give written notice of the injury; and (3) the evidence is insufficient to support the finding of the State Industrial Commission that claimant's disability resulted from the accident upon which the commission based its award.

The claimant, a man 39 years old, was working for the respondent E. L. Robinson as a roustabout and pumper on a lease near

Okemah, Okla., on April 2, 1930. His occupation was admittedly hazardous within the meaning of that term as used in the Workmen's Compensation Act. On the date above mentioned he and some other workmen were attempting to unscrew some rods on an oil well. They were using a 24-inch wrench, which slipped while under tension, and whirling on the rod struck the claimant on the head above the right ear, knocking him down. He was off work about ten days, during which time he was attended by a physician who was paid by the petitioner Employers Liability Assurance Corporation. Regular wages were paid him for the ten days' lost time. He then returned to work, but, according to his testimony, thereafter suffered from headaches and dizzy spells.

The claimant filed no formal claim for compensation until three years later, but the employer filed a "first notice of injury" with the State Industrial Commission on April 12, 1930, within less than 30 days of the accident. The failure of the claimant to file a formal claim within one year from the date of his injury is the basis of the petitioners' first complaint. It is said that the right to compensation is barred by the provisions of section 13367, O. S. 1931, which requires the filing of a claim within one year.

The State Industrial Commission was unquestionably justified in concluding that the wages paid during the ten days claimant did not work was in lieu of compensation. Certainly the payment was not for labor performed, if the testimony is to be believed. Nor do we think such conclusion was not justified, because, as mentioned by counsel in an unsworn statement before the commission, the pay roll of the employer classified the money paid as wages, not as compensation. Obviously the record made by the employer in such a case is not conclusive evidence on the question. Then, too, medical attention, which was admittedly paid for by the petitioner, is a part of the benefits of the Workmen's Compensation Act. Under the previous decisions of this court the filing of an "employer's first notice of injury," plus the payment of compensation or wages in lieu thereof, is sufficient to invoke the continuing jurisdiction of the State Industrial Commission and prevent claimant's right to compensation from being barred by failure to file a more formal claim within a year. Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P. (2d) 248; Steffens Ice Cream Co. v. Jarvis et al., 132 Okla. 300. 270 P. 1103. See, also, Pine v. State Ind.

Comm. et al., 148 Okla. 200, 298 P. 276, and Carl B. King Drilling Co. et al. v. Wilson et al., 163 Okla. 109, 21 P. (2d) 21.

Under the foregoing decisions the contention of the petitioners first above stated is untenable.

Neither do we think that the commission committed error as a matter of law in excusing the failure to give formal written notice of the injury within 30 days under section 13358, O. S. 1931. The employer filed the "employer's first notice of injury" less than 30 days after the accident. It was signed by employer's foreman, under whom claimant was working. Admittedly the foreman knew of the injury. Notice to the foreman was notice to the employer, and notice to the employer was notice to the insurance carrier. Actual notice within the time limit for giving written notice is a proper ground for excusing a failure to give the written notice mentioned in the statute. Protho et al. v. Nette et al., 173 Okla. 114, 46 P. (2d) 942; Maryland Casualty Co. et al. v. Osborn et al., 166 Okla. 235, 26 P. (2d) 934; Fidelity Union Cas. Co. v. State Industrial Comm. et al., 130 Okla. 65, 265 P. 131.

The petitioners' second ground of complaint, as stated supra, is unavailable.

The remaining contention of the petitioners, namely, that the evidence introduced before the State Industrial Commission is wholly insufficient to support a finding that claimant's disability resulted from the accident of April 2nd, requires a further review of the evidentiary facts. In considering this point we, of course, must be satisfied with the degree of proof if we find any evidence supporting the view adopted by the administrative board charged with the duty of administering the Workmen's Compensation Act.

It appears that after the claimant's return to work shortly subsequent to the accident of April 2, 1930, he was able to do full time work, notwithstanding the fact that he suffered, as he testified, from dizziness and headaches. Thereafter, on July 9, 1932, he was overcome by heat, which, had a claim been filed based thereon, may or may not have been a compensable accident, depending on the facts, but which, in this case, was not compensable as a separate accident as a matter of law by reason of a failure of the claimant to file a formal claim based thereon, and because the jurisdiction of the commission to award compensation for injuries flowing from this latter "accident"

(if it be properly so termed), was not otherwise invoked.

Incidentally it may be observed at this point that under the contentions of the petitioners previously disposed of in this opinion references were frequently made to the failure of the claimant to file a claim based on this latter occurrence and the failure to serve written notice thereof. In considering those contentions we did not discuss this feature of the case for the reason that, as we understand claimant's counsel, they do not undertake to justify the award on the theory that the compensable disability resulted from the "heat exhaustion." On the contrary they presented claimant's case to the State Industrial Commission on the theory that his entire disability resulted from the accident of April 2, 1930. The commission approved the claimant's theory and found as a matter of fact that the claimant's disability was a result of the accidental injury of April 2, 1930. The question now is whether there is any competent evidence supporting this finding of fact. The petitioners, on the other hand, seem to have tried their case before the commission on the theory that the entire disability resulted from the heat exhaustion, which occurred on the 9th day of July, 1932, and that, since no claim was filed in connection with the latter occurrence, no compensation could be awarded the claimant.

Evidence was introduced by the petitioners to support their theory, but this evidence was rejected by the commission and need not be reviewed in this case.

It may be mentioned at this point that the petitioner the Employers Liability Assurance Corporation was not the insurance carrier for the employer at the time the heat exhaustion occurred.

An excellent rule to have been considered in connection with this case was that recognized and announced by this court in the case of C. E. Reynolds Drilling Co. et al. v. Phillips et al., 163 Okla. 170, 22 P. (2d) 111, in which it was decided that where disability results from two compensable accidental injuries received by a workman while employed by different employers, the commission may and should apportion the compensation between the two employers in accordance with the amount that each of the accidental injuries contributed to the compensable disability.

In principle it would seem that the rule thus announced might be invoked by an insurance carrier which, by reason of its contract, was responsible when one of two injuries occurred. However, neither of th parties invoked this rule in the trial of this case before the commission and neither urges it in this court. It would be improper for as to inject a new theory into this case at this time.

The question of whether claimant's disability was due to the first accident, as contended by the claimant, or to the second accident or occurrence, as contended by the petitioners, was, in this case, one of fact to be determined by the State Industrial Commission, and the determination of that body will not be disturbed unless there is a total absence of competent evidence to support the same. See Tippett & Bond et al. v. Moore et al., 167 Okla. 636, 31 P. (2d) 583.

Considering the evidence touching upon this point, we find that the claimant continued in the employment of the petitioner E. L. Robinson for almost one year after the heat exhaustion on July 9, 1932. During that time he experienced more difficulty than previously in carrying out the work called for by his employment. He then, according to the testimony produced by him quit work or was discharged by reason of his physical inability to discharge the duties of his employment. Dr. McKinney, a witness produced by the claimant, stated, in substance, that it was his opinion that the original injury aggravated by the heat stroke brought about the claimant's disability. Dr. M. K. McElhannon testified, in substance, that the heat exhaustion, if it had been disconnected with any trauma or nerve injury, would not have lasted as long as claimant's disability had lasted, unless it had been so profuse as to affect materially the cortex of the brain. This physician also testified that claimant's disability was a result of the head injury. We quote from his testimony:

"Q. Doctor, your testimony in this case is, the claimant came to you with complaints and symptoms, and you were bothered at that time? A. That is true. Q. And later you were successful in gaining from the claimant a history of the injury to the head? A. I did. Q. And that very materially assisted you? A. It did. Q. And from that you are of the opinion the disability he now has is a result of that injury? A. That is my opinion."

In view of this testimony and other testimony appearing in the record, we are unable to say, as a matter of law, that the finding of the commission that claimant's

disability was due to the injury which occurred on the 2nd day of April, 1930, is not supported by any competent evidence. It is, therefore, our duty to affirm the award. It is so ordered.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN. and GIBSON JJ., concur. RILEY, BAYLESS, and WELCH, JJ., absent.