OKLAHOMA NATURAL GAS CORPORATION et al. v. CRAIG et al.

No. 30584. Oct. 6, 1942.

Rehearing Denied July 6, 1943.

Dissenting Opinion Sept. 21, 1943.

*139 P. 2d 181; 141 P. 2d 99.*

Pierce & Rucker and A. M. Covington, all of Tulsa, for petitioners.

Harold S. McArthur, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original proceeding to review an award of the State Industrial Commission instituted by the Oklahoma Natural Gas Corporation and its insurance carrier, hereinafter referred to as petitioners. The award was entered in favor of W. H. Craig, hereinafter referred to as respondent.

The sole contention of petitioners is that the claim for compensation was barred under the provisions of 85 O. S. 1941 § 43, since the same was not filed within one year after the injury or within one year from the date of the last payment of compensation or remuneration in lieu thereof.

The record shows that respondent, while employed by petitioner in a hazardous employment, sustained an accidental injury on September 25, 1939, when he was struck in the eye by a nail, resulting in injury to the eye; that he was furnished immediate medical attention by the employer but continued to work during the period of treatment for the injury and was paid full wages during said time. On October 2, 1939, petitioner filed, on the commission's form No. 2, its first notice of injury. On July 22, 1941, the respondent filed his first notice of injury and claim for

compensation wherein he claimed a permanent partial loss of the use of the right eye. A hearing was had before a member of the Industrial Commission, and at the conclusion thereof it was found that respondent had sustained a 12½ per cent permanent loss of vision of the right eye attributable to the accidental injury of September 25, 1939, and compensation was awarded accordingly. It is noted that the claim of respondent was filed more than a year after the date of the injury or of the furnishing of medical attention by the employer.

Section 43, supra, in part, provides:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the commission. Provided, however, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

In support of the contention that the claim is barred by the above-quoted provisions of the statute, it is pointed out that this provision was enacted as a part of section 4, ch. 29, Session Laws 1933; that the first sentence in the paragraph was a re-enactment of section 17, art. 2, ch. 246, Session Laws 1915; that prior to the enactment of 1933, this court had established numerous exceptions to the act; that it had been held that the statute fixed a limitation upon the remedy and not upon the right itself; that the limitation began to run only when the disability resulting from the injury became apparent; that a claim might be filed within one year after the last voluntary payment of compensation by the employer; that the filing of a Form No. 7 was sufficient to toll the operation of the statute; that a claim filed within one year from the date the employer had furnished medical treatment for the injury was sufficient; and that the filing by the employer of its first notice of injury after the accident was sufficient to toll the statute and waive the necessity of the filing of a claim by the employee. Petitioner

invokes the rule of statutory construction that, where a legislative body amends the law that has been construed by the court and changes the language thereof, it intends to change the rule of decision upon the subject, citing United States v. Southern Pacific Co., 230 Fed. 270. It is thus argued that the Legislature has effectually fixed but one exception to the requirement that the claim shall be filed within one year after the date of injury, and that is that the claim may be filed within one year from the date of last payment of compensation or remuneration paid in lieu thereof.

This argument would be appropriate if the question presented here were a question of limitation. As we view it, however, the question presented is not one of limitation, but one of jurisdiction. In the case of Carl B. King Drilling Co. v. Wilson, 163 Okla. 109, 21 P. 2d 21, it was held:

"The filing of employer's first notice of injury within a few days after a personal accidental injury sustained by an employee arising out of and in the course of his employment, and the filing of a report of initial payment of compensation, are sufficient to challenge the jurisdiction of the State Industrial Commission, and to constitute a claim for compensation. Under such circumstances, section 7301, C. O. S. 1921 (O. S. 1931, § 1337) has no application, and it was not necessary for said employee to file any other notice or claim for compensation."

In the case of Robinson v. State Industrial Commission, 176 Okla. 619, 56 P. 2d 826, it was said:

". . . Under the previous decisions of this court the filing of an 'employer's first notice of injury,' plus the payment of compensation or wages in lieu thereof, is sufficient to invoke the continuing jurisdiction of the State Industrial Commission and prevent claimant's right to compensation from being barred by failure to file a more formal claim within a year. Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P. 2d 248; Steffens Ice Cream Co. v. Jarvis et al., 132 Okla. 300, 270 P. 1103. See, also, Pine v. State Ind. Comm. et al., 148 Okla. 200, 298 P.

276, and Carl B. King Drilling Co. et al. v. Wilson et al., 163 Okla. 109, 21 P. 2d 21."

In the case of Oklahoma Furniture Manufacturing Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381, it was held that the furnishing of medical treatment recognizes liability and constitutes the equivalent of the payment of compensation.

The employer's first notice of injury filed on October 2, 1939, states that respondent was injured in the course of employment "while hammering a nail, the nail flew out of the board and into his eye"; that the nature and extent of his injury was "cut right eye"; that medical attendance was provided by the employer immediately. By the filing of this notice the petitioner notified the commission, in effect, that its employee had sustained a compensable personal injury arising out of the course of his employment and that the employer was complying with the provisions of the Workmen's Compensation Law by furnishing medical treatment to the injured employee. In the light of the authorities hereinabove referred to, this was sufficient to vest the commission with jurisdiction of the cause and no claim for compensation on behalf of respondent was necessary. Section 43, supra, which fixes a period of time for the filing of a claim for compensation by an employee, is therefore inapplicable.

The award is sustained.

CORN, V.C.J., and RILEY, HURST, and DAVISON, JJ., concur. WELCH, C.J., and BAYLESS, GIBSON, and ARNOLD, JJ., dissent.

---

ARNOLD, J. (dissenting). Section 13367, O. S. 1931, provides:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury, a claim for compensation thereunder shall be filed with the Commission." 85 O. S. 1941 § 43.

In 1933 the Legislature amended this section by adding:

"Provided, however, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation. . . ."

As disclosed by the majority opinion, the claimant in this case never filed anything with the commission to indicate he was asserting a claim for compensation against his employer. In my judgment, one who claims compensation must, within the time prescribed by the foregoing statute, file something with the commission that can reasonably be adjudged to be a claim on his part for compensation. Until this is done there is nothing before the commission for it to pass upon and unless this is done within the time required by the statute supra the right to claim compensation is barred. This, the claimant never did until approximately two years after the employer ceased to furnish him medical attention. The petitioners admit the correctness of our holding that the furnishing of medical care is sufficient to extend the one-year statute of limitation. The majority opinion, while it follows our holding in Carl B. King Drilling Co. v. Wilson, cited therein, has the effect of abrogating the limitation statute provided by the Workmen's Compensation Act. The employer in this case reported to the commission, as it was required to do, that the claimant received an injury, and that it was furnishing him medical care. It cannot be logically or fairly stated that such compliance with our Workmen's Compensation Act by an employer amounts to the filing of a claim by an injured employee. I think the King Case, and all other subsequent cases by us holding in line therewith, should be overruled. It is my judgment that the effective abrogation of the foregoing limitation statute places an unjustified penalty upon an employer and insurance carrier on account of compliance with provisions of our statute looking toward the orderly protection of those engaged in industrial pursuits. If the employer in this case had failed to comply with the requirements of 85 O. S. 1941 § 102, the employee in this case would surely be barred on the claim as presented.

The Legislature intended that the employee would *himself* file a *claim* within the required time. Any other construction will, in my judgment, lead to more harmful consequences than will attend the denial of this particular award.