**MERTZ, INC., and Commercial Union Assurance, Petitioners,**

v.

**Terry Wayne GULLEY and The Workers' Compensation Court of the State of Oklahoma, Respondents.**

No. 59308.

Court of Appeals of Oklahoma, Division No. 4.

March 29, 1983.

Rehearing Denied April 14, 1983.

Certiorari Denied May 23, 1983.

Released by Order of the Court of Appeals May 27, 1983.

Paul V. McGivern, Jr., McGivern, Scott, Gilliard & McGivern, Tulsa, for petitioners.

J. Clark Russell, Russell, Payne & Farber, Oklahoma City, for respondents.

STUBBLEFIELD, Judge.

This is a worker's compensation case wherein respondent seeks review of a decision of the Workers' Compensation Court finding claimant's case was not barred by the statute of limitations. We affirm.

## I

Claimant, Terry Wayne Gulley, was employed by respondent Mertz, Inc., and on March 11, 1980, he sustained a work related injury to his back while off-loading bumpers from a pallet. He reported the injury to his employer, was paid compensation and provided medical treatment. On March 25, 1980, the employer filed with the Workers' Compensation Court a form 2, Employer's First Notice of Injury, indicating employer had been notified by employee of a job related back injury. Claimant returned to work approximately three weeks after the injury, and last received medical treatment provided by the employer approximately three weeks after his return to work.

Claimant's testimony, however, established that he continued to have problems with his back, and on June 2, 1982, the claimant filed his form 3 in the Workers' Compensation Court, formally initiating his worker's compensation claim. The case was heard by the court on October 19, 1982, resulting in a finding of permanent partial disability and an award of compensation.

## II

■ The respondents appeal, claiming that the trial judge erred in overruling their statute of limitations defense raised by demurrer. They allege the court erred in holding that the filing of the form 2 by the employer tolled the statute of limitations.

Respondents recognize a considerable body of case law holding, as did the judge, that the employer's filing of a form 2 tolls the statute of limitations. We are asked to overrule certain cases that so hold, including: *Oklahoma Natural Gas Corp. v. Craig,* 193 Okl. 56, 139 P.2d 181 (1942) and *Robinson v. State Industrial Commission,* 176 Okl. 619, 56 P.2d 826 (1936). We decline to do so. The *raison d'etre* of this rule of law is still extant today. The reasoning given in the "bedrock" case of *Steffens Ice Cream Co. v. Jarvis,* 132 Okl. 300, 270 P. 1103 (1928), is still pertinent. The court there stated:

"It would be a foolish thing to require the injured employee to file a claim with the State Industrial Commission asking for that which had been furnished him, asking for that which the employer and insurance carrier admitted was due the employee, and was being paid as provided by law.

"Can it be said that the Legislature intended that an employee, after an injury, who was receiving all that the law allowed him in medical attention, hospitalization, and compensation, that he was then compelled to file a claim with the State Industrial Commission, or that after 12 months he would be forever barred? We think not. We must therefore hold that the Industrial Commission had jurisdiction to make the award made in this cause."

■ We agree with respondent's contention that there must be some limitation to claims filed after the filing of a form 2 by employer. We think such a limitation exists today. The Oklahoma Legislature in 1953 amended 85 O.S. § 43 to include a five year limitation on the "prosecution" of formally filed claims. When claimant has formally filed his claim, he must, in good faith, request a hearing and final determination within five years or his claim is barred.

This statute bars claims that have become stale *after* invoking the jurisdiction of the Workers' Compensation Court. Its obvious intention is to provide for the expeditious "prosecution" of claims once the jurisdiction of the court has been invoked. The act of filing the claim tolls the statute of limitations, but the legislature has chosen to limit the period of potential liability of respondents thereafter. It seems equally just to limit the period of potential liability of respondents where the jurisdiction of the court has been invoked by the employer's filing of a form 2. Surely the liability of an employer does not remain pending forever. We believe that the five year period applies equally to cases such as this. It is our interpretation of the statute that the claimant must, within five years of the filing of the form 2, file his formal claim, and, in

good faith, request a hearing and final determination of his claim, or be barred from recovery on such claim. Of course, if compensation is paid or medical treatment authorized during or beyond that period, then the claimant shall have one year from the last payment or treatment, if that date exceeds the five year period. 85 O.S.1981 § 43.

However, since in this instance the formal claim was filed and a final determination requested within five years and more quickly than in *Robinson, supra,* the trial court acted properly in overruling the demurrer.

Respondent argues that the amendments of the statute of limitations since *Steffens* have rendered such preamendment case law irrelevant. We disagree. We see no legislative intent in § 43 amendments to negate the statute of limitations exception enunciated in *Steffens.* Nor do we feel, as respondent argues, that the Workers' Compensation Court's promulgation of rules, including Rule 13,[1] negated such an exception to the statute. We do not feel that Rule 13 manifests the court's intent to remove this limitations exception, and would question their authority to exercise such legislative power if, indeed, they so intended.

After a detailed review of the specific rule of law, we conclude that it was founded on logical and necessary considerations and is still valid and applicable today. We therefore affirm the trial judge.

DeMIER, J., concurs.

BRIGHTMIRE, P.J., not participating.

---

1: "A proceeding for compensation under the Workers' Compensation Act shall be commenced by filing, in triplicate, the appropriate notice form. Form 3 shall be used for accidental injury benefits ...."