Donald L. BENNETT,
Petitioner-Appellant,

v.

SCRIVNER, INC., American Motorists,
Respondent-Appellee,

and

Workers' Compensation Court, Appellee.

No. 60851.

Supreme Court of Oklahoma.

Jan. 22, 1985.

Lew Gravitt, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, for petitioner-appellant.

Henry F. Featherly, Lamun, Mock, Featherly, Baer & Timberlake, Oklahoma City, for respondents-appellees.

ALMA WILSON, Justice.

When an employer fails to post a notice informing employees of their rights and obligations under the Workers' Compensation Act, and thereafter receives notice of an on-the-job injury, is the employer's statutory duty to advise the injured employee of his right to pursue a workers' compensation claim discharged by requiring the injured employee to sign a Form 2, "Employer's First Notice of Injury?"

The parties stipulate that on October 1, 1979, the claimant Donald Leroy Bennett, sustained an accidental injury to his left shoulder in the course and scope of his employment.[1] The parties further stipulate that on the date of the occurrence, the claimant informed his employer, Scrivner, Inc. of his injury, and received medical treatment and temporary disability benefits until October 22, 1979. However, the claimant did not file a claim for permanent partial disability benefits until January 13, 1983.

Scrivner pleaded and invoked the affirmative defense of the running of the statute of limitations pursuant to 85 O.S.1981 § 43.[2] After a hearing on the issue, the trial judge of the Workers' Compensation Court determined that the one year limitation period of § 43 had been tolled by reason of Scrivner's non-compliance with the notice requirements placed upon employers by 85 O.S.1981 § 8. Based upon the medical evidence, the trial court awarded Bennett permanent partial disability benefits. Scrivner sought review by a three judge panel of the Workers' Compensation Court. That court held that Bennett's claim was barred by the statute of limitations and vacated the order awarding Bennett Workers' Compensation benefits for permanent partial disability, one judge dissenting. Bennett commenced proceedings in this Court for review of the order. On assignment to the Court of Appeals, Division No. 1, the order was affirmed on the ground that Bennett was adequately advised of his rights as prescribed by 85 O.S.1981 § 8 because he had signed a Form 2, "Employer's First Notice of Injury". We now review, by certiorari, the opinion of the Court of Appeals.

In our recent opinion of *White v. Loffland Brothers Equipment*, 689 P.2d 311 (Okl.1984), we acknowledged and gave legal force and effect to the express provisions of 85 O.S.1981 § 8 which states:

"Every *employer* subject to the provisions of the Workers' Compensation Act *shall post* and maintain in one or more conspicuous places a *notice* to its employees covering the rights and obligations of employees under the Workers' Compensation Act. Such notice shall be

---

1. By amendment, the claimant abandoned claim for workers' compensation benefits as a result of previous job related injury. Previous injury, although acknowledged by the employer as occurring in the course and scope of employment, does not form an issue herein. Trial came on for stated determination of the claimant's permanent partial disability resulting from his October of 1979 injury pursuant to amended Form 3.

2. 85 O.S.1981 § 43 provides: "The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may

be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment. Provided further, however, with respect to disease or disability caused by disease casually connected with employment the right to claim compensation under the Workers' Compensation Act shall be forever barred unless a claim is filed within eighteen (18) months after the last hazardous exposure or within eighteen (18) months after the disease first becomes manifest by a symptom or condition from which one learned in medicine could with reasonable accuracy diagnose this specific disease, whichever last occurs."

prepared by the Administrator and shall be supplied to employers at no cost.

A supply of forms as provided by the office of the Administrator shall be made available to employees by employers subject to the Workers' Compensation Act at no cost to either the employer or employee.

In the event an *employer having notice of an injury neglects to advise the injured employee of* the *right to file a claim* under the Workers' Compensation Act, the *statute of limitations* shall be *tolled* until such claim is filed." [Emphasis ours]

In conformity with the purpose and intent of its enactment, to minimize the potential of an injured employee being deprived of the opportunity to pursue his claim, we interpreted the general posting requirement of paragraph one and the specific advisement duty of paragraph three as complementary, rather than synonymous methods of informing employees of the right to pursue a workers' compensation claim. If the Legislature had intended only one method of notice to employees, it could easily have used but one term. Thus, giving effect to all provisions of the statute, we held that where an employer has, in fact received actual notice of an employee's injury, paragraph three of 85 O.S.1981 § 8 requires that the employer *advise* the injured employee of his right to file a claim under the Workers' Compensation Act; and non-compliance with this directive expressly tolls the statute of limitations until such claim is filed.

In the present case, the employer, Scrivner, Inc., submits that it discharged its advisement duty in compliance with the statutory directive of paragraph three through the use of a Form 2, "Employer's First Notice of Injury", a form which is furnished to employers by the clerk of the Workers' Compensation Court, and required to be used by employers having knowledge of an employee's injury, for the purpose of effecting a prompt report from the employer to the Workers' Compensation Court to aid and assist the court in carrying out the provisions of the Workers' Compensation Act.[3] Bennett maintains that he did not receive actual notice of the right to pursue workers' compensation benefits by signing Form 2, as required by his employer. Considering that the purpose of Form 2 is not to advise an injured employee of his rights, Bennett's position is that Scrivner's reliance solely upon a Form 2, which he was required to sign at the time of his injury, is insufficient to prove compli-

---

3. Form 2, "Employer's First Notice of Injury", comes within the ambit of the following provisions of the Workers' Compensation Act:
85 O.S.1981 Ch. 4, App. R. 11. *Forms-Preparation and Adoption-Use*
The court shall prepare and adopt such forms for use in matters before the court as it may deem necessary or advisable. *Whenever court forms are prescribed and are applicable, they shall be used.* Printed copies of all forms may be procured in reasonable quantities upon request to the clerk of the court.
The following forms have been adopted by the court:
Form 1–a Notice and Instructions to Employers and employees
*Form 2–Employer's First Notice of Injury*
Form 3–Employee's First Notice of Accidental Injury and Claim for Compensation ... [Emphasis added.]
85 O.S.1981 § 102. *Employer's record of injuries-Report to Court-Penalty for neglect*
Every *employer shall keep a record of injuries*, which result in the loss of time beyond the shift or which require medical attention away from the work site, fatal or otherwise, received by his employees in the course of their employment. *Within ten (10) days or a reasonable time* thereafter, after the occurrence of an accident resulting in personal injury a *report thereof shall be made in writing by the employer to the Court upon blanks* to be procured from the Court *for that purpose.* Such reports shall state the name and nature of the business of the employer, the location of his establishment or place of work, the name, address and occupation of the injured employee, the time, nature and cause of the injury and such other information as may be required by the Administrator. *Any employer who refuses or neglects to make a report as required by this section shall be guilty of a misdemeanor, punishable by a fine of not more than Five Hundred Dollars ($500.00).* [Emphasis added.]
85 O.S.1981 § 103. *Securing information*
Every employer shall furnish the Administrator, upon request, any information required by him to carry out the provisions of the Workers' Compensation Act.

ance with the requirements of 85 O.S.1981 § 8 to refute the tolling of the statute of limitations.

We delineated the shifting burden of proof applicable to cases such as this in *Armco, Inc. v. Holcomb,* 694 P.2d 937 (Okl.1984). The employer's initial burden is to show that the claim was filed beyond the one year statutory limit. Scrivner did so by showing that over three years had passed from the date of last injury or remuneration. The burden then shifted to the claimant, Bennett, to present evidence to establish Scrivner's non-compliance with 85 O.S.1981 § 8. Bennett did so with unrefuted testimony that Scrivner had failed to post notice;[4] and no one connected with Scrivner ever advised him that he had a right to file a claim under the Workers' Compensation Act. On cross-examination of the witness, however, Scrivner presented Bennett with a Form 2 used in connection with a previous injury for which Bennett did not seek workers' compensation benefits. Bennett did not deny the signature, but stated that he did not remember signing a Form 2 and no one ever mentioned to him that he had a right to file a claim for benefits. He further testified that it was his understanding that the $423 [temporary disability benefits] he received during the three weeks following his injury in October while he was off from work was what workers' compensation was; that he did not realize that there was more to it. With respect to the injury of October 1, 1979, the only evidence offered by Scrivner as indicative of compliance with § 8 was the following testimony of its personnel director:

Q [By Claimant's Counsel] Did Mr. Bennett make you aware of the October of '79 injury?

A Yes, sir. He signed a Form 2 on October 1, 1979.

Scrivner, however, neither filed the October 1, 1979 Form 2 with the Workers' Compensation Court prior to trial nor offered the October 1, 1979 Form 2 as evidence at trial. At trial, Scrivner agreed to furnish claimant's counsel a copy of the Form 2, but expressed its reservation that it did not want to be put in the position of waiving the statute of limitations by filing it at that time. At the request of claimant's counsel, the Form 2 was ultimately filed in the case as Claimant's Exhibit No. 3.

On appeal, Scrivner relies upon the Form 2 alone as competent evidence that Bennett had been advised of his right to file a workers' compensation claim. In support of its position, Scrivner emphasizes the following notations at the bottom of Form 2, "Employer's First Notice of Injury", to the Workers' Compensation Court:

"I here declare under penalty of perjury that I have examined this notice, and all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.

RECEIVED

OCT 2 1979

PERSONNEL DEPT.
SCRIVNER, INC.

Signed this  1  day of Oct., 1979.
Signature of employer or his authorized representative /s/ J.R. Asbery
Title of person signing  Supervisor
Address to which mail or notices should be sent to employer:  P.O. Box 26146
                                                  OKC, OK

NOTICE: Failure to file a Form 2 Notice of Injury with the Workers' Compensation Court is a misdemeanor punishable by a fine of not more than $500.00.

---

4. Employer offered no proof that it posted notice to its employees covering the rights and obligations of employees under the Workers' Compensation Act, as required by paragraph one of 85 O.S.1981 § 8. At trial, the Court inquired "So you are admitting everything but asserting the statute of limitations as a bar?" Employer responded, "Yes, sir." Employer's failure to post is thus not a controverted issue in this case.

WARNING: State law requires that the employer advises an injured employee that he has the right to file a claim for benefits with the Workers' Compensation Court. Failure to so notify the employee shall toll the statute of limitations on that claim until the employee actually files such claim. It is suggested that the employer have the employee sign this form acknowledging that he has been so informed of his rights and that this form be filed with the court immediately.

I hereby acknowledge that I have been advised by my employer that I have a right to file a claim with the Workers' Compensation Court for benefits as provided by law.

Signed this  1  day of Oct., 1979.
/s/ Donald L. Bennett
Signature of employee."

---

■ Bennett points out that his employer did not comply with applicable provisions of the Workers' Compensation Act which require employers having knowledge of an injury to file Form 2 with the Workers' Compensation Court.[5] Since the filing of a Form 2 is sufficient to vest the Workers' Compensation Court with jurisdiction of a cause without the necessity of filing a Form 3 claim for compensation within a year,[6] Bennett asserts that barring his claim would reward his employer's violation of the Act. In essence, Bennett asserts, had his employer complied with the law governing the Form 2 upon which it relies, it could not now invoke the defensive bar of the statute of limitations. The violation thus becomes the basis for the bar.

From our examination of the language and organization of Form 2, we note that the NOTICE and WARNING, directed to the employer, emphasize the dual importance of immediately filing Form 2 with the Workers' Compensation Court. First, the employer is notified of its criminal liability for failure to file Form 2;[7] and secondly, the employer is warned that in the event it fails to advise the injured employee of his right to file a claim for workers' compensation benefits, the statute of limitations shall be tolled. To aid and assist the Workers' Compensation Court in implementing this provision, it is suggested to the employer to have the employee, to whom the employer has given notice of the right to file a claim, sign Form 2 as an acknowledgement thereof, *and immediately* file Form 2 with the Workers' Compensation Court. The Workers' Compensation Court is thereby vested with jurisdiction to act in the event the injured employee through ignorance, or otherwise, does not proceed to secure his rights.

■ According to the evidence in the record, we conclude that Scrivner did not produce competent evidence to support a finding that it advised Bennett of his rights. An employer, who within one year of the date of injury, procures the signature of an employee on a Form 2, "Employer's First Notice of Injury", which is not placed on file with the Workers' Compensation Court as mandated by statute is estopped from invoking the one-year statute of limitations provided by 85 O.S.1981 § 43.

We vacate the decision of the Court of Appeals and affirm the order of the Workers' Compensation trial court.

DOOLIN, V.C.J., and HODGES, BARNES and KAUGER, JJ., concur.

---

5. See *note 3, supra.*

6. *Oklahoma Natural Gas Corp. v. Craig,* 193 Okl. 56, 139 P.2d 181 (1942); *Robinson v. State Industrial Commission,* 176 Okl. 619, 56 P.2d 826 (1936).

7. 85 O.S.1981 § 179. *Prosecution of violations of certain sections*
   Prosecution of violations of the provisions of Sections 61 and 102 of Title 85 of the Oklahoma Statutes shall be the duty of the district attorney in the district wherein the notices, contracts and reports referred to are to be filed.

SIMMS, C.J., concurs in result.

OPALA, J., concurs in judgment.

LAVENDER and HARGRAVE, JJ., dissent.