Eunice KYSETH, Petitioner,

v.

ST. JOHN MEDICAL CENTER, Own Risk and Workers' Compensation Court, Respondents.

No. 66938.

Court of Appeals of Oklahoma, Division 4.

April 7, 1987.

Rehearing Denied May 11, 1987.

Certiorari Denied July 22, 1987.

Thomas Whalen, Tulsa, for petitioner.

John N. MacKenzie, Whitten and Davies, Tulsa, for respondents.

BRIGHTMIRE, Presiding Judge.

The dispositive issue presented in this appeal is whether claimant's 1978 back injury—with regard to which a Form 2 was timely filed by the employer—is barred by the five-year limitation provision of 85 O.S. 1981 § 43.

We hold it is and affirm.

**I**

In 1978, the sixty-year-old claimant, Eunice Kyseth, had been employed as a registered nurse at St. John Medical Center for eight years. While playing pingpong with a patient for therapeutic purposes on January 25, 1978, she fell and injured her back. The employer timely filed a Form 2 with the Workers' Compensation Court and paid temporary compensation for a week. Claimant received medical attention during the rest of February and was told by her physician that she had a disc syndrome which was causing the radiation of pain down her right leg—a condition, the physician told her, she would have to live with the rest of her life.

The employer paid her medical expenses and within a few days claimant returned to work. After receiving the temporary benefits in 1978, claimant did nothing further about the prosecution of her claim until August 12, 1985, when she filed a Form 3.

At trial claimant adduced medical evidence sufficient to support a finding that she sustained about seven percent partial permanent disability as a result of the 1978 injury. The employer defended, among other things, on the ground the claim was barred by the statute of limitations. At the close of the case the trial court agreed with the employer that the claim was barred by the statute of limitations and on that basis denied relief.

Claimant seeks review stating the trial court erred for the reason that the statute of limitations was tolled under the provisions of 85 O.S.1981 § 8, because the employer never posted notice nor advised the claimant of her right to file a claim. There was, of course, evidence that the employer had failed to do these things.

**II**

There are two reasons why we are unable to agree that § 8 saves the employee's claim. First, there is a problem concerning whether § 8 operated to toll the § 43 one-year limitation inasmuch as § 8 did not become effective until July 1, 1978, (after the injury occurred) and was repealed effective July 15, 1985, (before this case was filed). Second, § 8 appears to be applicable only where the jurisdiction of the Workers' Compensation Court has not been invoked. Since the second point has a fatal effect on subject claim it will not be necessary to consider the first.

Here, as we said earlier, the jurisdiction of the court was invoked by the employer's

filing of the Form 2 which had the effect of filing a claim.[1] When this happened the five-year limitation period prescribed in the second paragraph of § 43 became operative. It reads in pertinent part as follows:

> "When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation ... same shall be barred...."

Under the circumstances presented in this case it was necessary for claimant to make a good faith request for her claim to be heard within five years after the last benefits were paid or after the Form 2 was filed, whichever occurred last. *Mertz, Inc. v. Gulley*, 663 P.2d 753 (Okl.App.1983). This was not done here.

Affirmed.

RAPP and STUBBLEFIELD, JJ., concur.

---

1. *Bennett v. Scrivner, Inc.*, 694 P.2d 932 (Okl. 1985).