Lester R. KNOTT, Petitioner,

v.

HALLIBURTON SERVICES and The Workers' Compensation Court, Respondents.

No. 68504.

Supreme Court of Oklahoma.

March 29, 1988.

---

Fred L. Boettcher, Boettcher & Brune, Ponca City, for petitioner.

John McCaleb, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for respondents.

## MEMORANDUM OPINION

DOOLIN, Chief Justice.

The Claimant suffered an accidental injury arising out of and in the course of his employment on February 16, 1984. The Respondent filed its Employer's First Notice of Injury (Form 2) in the Workers' Compensation Court on March 6, 1984. On April 8, 1986, Claimant filed his Claim for Benefits (Form 3). Upon hearing by the Workers' Compensation Court on October 24, 1986, the trial judge found the claim was barred by the two-year statute of limitations at 85 O.S. 1985 Supp., § 43, and denied compensation. The en banc Workers' Compensation Court subsequently affirmed the decision of the trial judge.

The dispositive issue on appeal is whether Claimant's claim was controlled by the statute of limitations as it existed prior to its amendment or after. 85 O.S. 1981, § 43 provided that a claim had to be filed within one year after the date of injury. It had been long and consistently held, however, that the filing by an employer of its first notice of injury acted to toll the running of the statute.[1]

Section 43 was amended in 1985, with an effective date of November 1, 1985. This amendment provided, among other things, for a two-year limitation on filing claims and it specifically removed the tolling effect of the filing of a Form 2. Respondent argues that since the Claimant's claim was filed after the effective date of the amendment, that claim is barred by the new period of limitation. We disagree.

The right to compensation and the obligation to pay such benefits are vested, and become fixed by law at the time of injury.[2] A compensation claim is controlled by the laws in existance at the time of injury and not by laws enacted thereafter.[3] A worker's right to compensation is determined by the laws in force when the injury is sustained, notwithstanding a subsequent amendment to the law.[4] The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of the injury, and the statutes then in force form a part of that contract and determine the substantive rights and obligations of the parties. No subsequent amendment can operate retrospectively to affect in any

1. *Bennett v. Scrivner Inc.*, 694 P.2d 932, 936 (Okl.1985), *Oklahoma Natural Gas Corp. v. Craig*, 193 Okl. 56, 139 P.2d 181, 182 (1942), and see: *Mertz, Inc. v. Gulley*, 663 P.2d 753, 754 (Okl.App.1983).

2. *Apple v. State Insurance Fund*, 540 P.2d 545, 547 (Okl.1975).

3. *Caswell v. Bird*, 160 Okl. 224, 16 P.2d 859 (1932), *Weber v. Armco, Inc.*, 663 P.2d 1221 (Okl.1983).

4. *Leeway Motor Freight, Inc. v. Wilson*, 609 P.2d 777, 779 (Okl.1980).

way rights and obligations which are fixed.[5]

We therefore hold that under the law as it existed at the time of Claimant's injury, the filing of the Form 2 by the Respondent was sufficient to invest the Workers' Compensation Court with jurisdiction to hear this claim, without further action on the part of Claimant. Accordingly, the order of the trial court is VACATED and the cause is REMANDED for further proceedings. 12 O.S.Supp.1984, Ch. 15, App. 2, Rule 1.201.

HODGES, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and LAVENDER, J., dissent.

LAVENDER, Justice (dissenting):

I would affirm the ruling of the Workers' Compensation Court en banc denying petitioner's claim as untimely filed. In the case of *McCarroll v. Doctors General Hospital*, 664 P.2d 382 (Okla.1983) at footnote five of the opinion, this Court stated, in pertinent part:

> Although no contention is seriously argued that the new statute of limitation unreasonably shortened the time within which Mrs. McCarroll could bring her action and therefore the previous statute should have been applied, we notice that it is within the power of the Legislature to pass a statute of limitations, or to change the period of limitations previously fixed, and to make such statute or changes applicable to existing (but not yet filed) causes of action, provided a reasonable time is given by the new law for the commencement of suit before the bar takes effect. 51 Am.Jur.2d Limitations of Actions § 57; *City of Claremore v. Oklahoma Tax Commission*, 197 Okl. 223, 169 P.2d 299, 304 (1946); *Baccus v. Banks*, 199 Okl. 647, 192 P.2d 683 (1948), app. dismd.; *Reeder v. Banks*, 333 U.S. 858, 68 S.Ct. 743, 92 L.Ed. 1138.

This statement of the Court and the materials cited therein clearly indicate that the Legislature has the power to amend an existing statute of limitations and to make it effective as to existing rights as long as a *reasonable* time is given in which affected parties may act to protect those existing rights. In the present case Senate Bill No. 158, lengthening the statute of limitations from one to two years and abolishing the tolling effect of the filing of a Form 2, was adopted with an emergency clause on July 15, 1985. 1985 Okla.Sess.Laws, Ch. 266, § 4. However, it was specifically provided that the provision establishing the new statute of limitations would not take effect until November 1, 1985. 1985 Okla.Sess.Laws, Ch. 266, § 9. All claims filed after that date would be barred. Petitioner in the present case thus had in excess of three months to file his claim.

I would find that the excess of three months was a reasonable time before the bar of the new law became effective.

I am authorized to state that Justice HARGRAVE joins in the views herein expressed.

---

5. *Magnolia Petroleum Co. v. Watkins*, 177 Okl. 30, 31, 57 P.2d 622, 623 (1936), and see: *Ashlock v. Liberty Glass Co.*, 739 P.2d 1025, 1026 (Okl. App.1987).