**Eddie Ray WHITE, Petitioner,**

v.

**WEYERHAEUSER COMPANY and The Workers' Compensation Court, Respondents.**

**No. 70601.**

Supreme Court of Oklahoma.

Oct. 2, 1990.

Paul A. Scott, Oklahoma City, for petitioner.

William Robinson, Steve A. Weeks, Bower, Beavin & Weeks, Oklahoma City, for respondent Weyerhaeuser Co.

LAVENDER, Justice

In this case we are asked to decide whether in single-event injury cases the five year statute of limitation found at 85 O.S.1981, § 43 [now 85 O.S.Supp.1986, § 43(B)], for making a request for final determination of a workers' compensation matter, begins to run when a claimant discovers a latent condition causally connected with his on-the-job accident that manifests itself years after the accident. We answer in the negative.

Petitioner, Eddie Ray White (hereafter White) was involved in a single-event injury on October 8, 1981 while he was employed by Weyerhaeuser Company (hereafter Company). White was struck in the face by a piece of metal which flew out of a machine on which he was working. The metal struck with enough force that White was thrown back six or eight feet and it produced cuts on his right eyelid, injury to his right cheek and cheek bone. After seeing a local doctor he was transported to Paris, Texas for emergency surgery to repair the damage to his eyelid. He saw the doctor who performed the surgery on a few other occasions after being released from the hospital and was told he had no permanent damage to the eye. The testimony of Petitioner also indicates the right eye had historically been a bit stronger than the left and at the time of the last visit vision of the two eyes were almost equal, being 20/20 in both.[1] The doctor further told Petitioner the right eye probably would get a little stronger over time. Company paid Petitioner's medical bills and temporary total disability for the time he was off work in 1981, approximately three weeks. Company also filed with the Workers' Compensation Court an Employer's First Notice of Injury (Form 2) on October 14, 1981. Petitioner returned to work in early November 1981.

The record indicates that between his return to work in 1981 and June 1987 he had no problems with the right eye. In June 1987 he began having vision problems with the eye and was seen by a doctor on June 15, 1987. He was diagnosed as having a detached retina and had surgery to reattach it. Petitioner was off work from mid-June 1987 to August 10, 1987. Petitioner filed an Employee's First Notice of Injury and Claim for Compensation on July 23, 1987. The matter was heard on Decem-

---

**1.** Certain correspondence from the doctor performing the surgery appears to minimally contradict Petitioner's testimony that his vision in his right eye was 20/20 upon his last exam in 1981. This correspondence indicates the vision was 20/25, but because this record does not conclusively indicate what his vision was in the right eye prior to the October 8, 1981 accident we have no solid basis for determining the short term effect of the trauma to his eye caused any compensable loss of vision to the eye. In fact, the record indicates that on an eye exam performed in 1985 as part of Petitioner's service in the Army Reserves both eyes were noted to be 20/20.

ber 1, 1987 as to total temporary disability (permanent disability has apparently been left open) and Company raised as a defense the five year statute of limitation found at 85 O.S.1981, § 43.[2] The evidence was virtually undisputed the retinal tear was caused by a traction band forming in the eye over time which constricted to such an extent that it pulled off the retina and the forming of the traction band was very likely a result of the accident in October 1981.

The trial judge ruled the statute of limitation had not run and awarded temporary total disability for the time Petitioner was off work in the summer of 1987. Company appealed to the Workers' Compensation Court *En Banc.* That three-judge panel held the statute of limitation had run and, accordingly, vacated the order of the trial court. On review by the Court of Appeals the decision of the *en banc* panel was vacated and the order of the trial judge was reinstated. The Court of Appeals ruled the five year statute of limitation "does not begin to run for the type of extraordinary, latent condition as involved here, until the Claimant knows or as a reasonably prudent person should know, that he has the condition for which the claim is brought and that the condition stems from a job-related injury." It formulated a discovery rule for cases of this type ostensibly relying on the discovery rule found in certain tort cases such as *Seitz v. Jones,* 370 P.2d 300 (Okl. 1961) (medical malpractice concerning leaving a foreign object in a patient during surgery) and *Sloan v. Canadian Valley Animal Clinic, Inc.,* 719 P.2d 474 (Okl.Ct. App., Div. 1, 1985) (Brucellosis from exposure to cattle not diagnosed until four months after plaintiff began feeling ill). We granted certiorari to decide whether such a discovery rule applies to the five year limitation period found in § 43.

85 O.S.1981, § 43 provides in pertinent part as follows:

When a claim for compensation has been filed with the Administrator as herein provided, *unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act* and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. Provided, that any claims heretofore filed and pending on the effective date of the Workers' Compensation Act before the State Industrial Court shall likewise be barred after the expiration of five (5) years from filing date or within five (5) years from the date of last payment of compensation or wages in lieu thereof. (emphasis added).

As noted above no Form 3 was filed by White in this case until July 1987, about five years and eight months from the last payment of compensation to him by Company as a result of the accident in October 1981.[3] Both parties agree in this case the one year statute of limitation found in § 43 was satisfied by the filing by Company of an Employer's First Notice of Injury (Form

---

**2.** Although 85 O.S.1981, § 43 was amended in both 1985 and 1986, the provision concerning the five year limitation period has not been altered. The provision is now codified as 85 O.S.Supp.1986, § 43(B). Section 43 was also amended by the 1990 Legislature in a manner not pertinent here. *See* note 7, *infra.*

**3.** The only matter tried at the December 1, 1987 hearing before the trial judge was temporary total disability. It appears a Motion of Claimant to Set for Hearing (Form 9) was filed on December 21, 1987 in regard to permanent partial disability to the eye, although this form does not appear in the record. Such filing is noted in a January 21, 1988 response White filed to

Company's motion to hold in abeyance any hearing on the issue of permanent disability while its appeal concerning the statute of limitation defense was pending before the *en banc* panel. We note this matter for the reason § 43 is concerned with making a *request for hearing and final determination of a claim,* something not accomplished by White's filing on July 23, 1987 of an Employee's First Notice of Accidental Injury and Claim for Compensation (Form 3). However, even if we use this earlier date as the event which first requested a hearing and final determination in this matter it would be outside the five year period mandated by § 43.

2) in October 1981.[4] This Court has previously held the filing of a Form 2 is sufficient to vest the Workers' Compensation Court with jurisdiction of a claim without the necessity of the employee filing his First Notice of Accidental Injury and Claim for Compensation. *See Bennett v. Scrivner, Inc.,* 694 P.2d 932, 936 (Okl.1985); *Oklahoma Natural Gas Corp. v. Craig,* 193 Okl. 56, 139 P.2d 181, 182 (1942), *dissenting opinion* 193 Okl. 56, 141 P.2d 99 (1943).[5] The question then becomes whether the five year period of § 43 as set out above for making a request for final determination of the matter began to run from the date of Company's last payment of compensation to White in 1981 or, instead, the five year period did not begin to run until White discovered or should have discovered his yet to unfold eye problem caused by the formation of the previously undetected traction band which resulted in his detached retina and that said condition stemmed from the October 1981 accident.

We have ruled the bar of § 43 requiring dismissal of a claim for compensation when a claimant fails to request a hearing and final determination within five years is positive "and unless a claimant brings himself within an express exception contained in the enactment, or shows acts which operate to toll or arrest the statutory bar, the provisions of the statute are mandatory...." *Beatty v. Scott,* 362 P.2d 699, 701 (Okl. 1961). We have further ruled the claim does not have to be determined in the five year period, only that a request be made within the specified period of time. *Purdy v. Flint Steel Corporation,* 535 P.2d 277, 280 (Okl.1975). White, in essence, contends and the Court of Appeals approved of the view, that the limitation period was tolled because of the latent nature of the traction band which did not become apparent or

manifest itself until his retina detached in 1987. We do not agree with this view.

In the case of *McDonald v. Time–DC, Inc.,* 773 P.2d 1252 (Okl.1989), we rejected a tort-like discovery rule in single-event injury cases as to when the initial one year statute of limitation of § 43 would begin to run. *Id.* at 1255–1257. We said in such regard:

> When the worker knows that a single-event industrial accident has taken place, he (or she) is *charged with awareness* of its occurrence. This, in turn, raises legal awareness of compensable injury, *present or potential.* Awareness of potential injury, much like that of *immediate* harm, imposes a duty upon the worker to protect his rights by filing a timely claim.
>
> \* \* \*
>
> [T]he language of § 43 clearly militates against a construction that would allow engrafting a tort-like discovery rule. Rather, the time to file a claim for a single-event injury runs from the time the worker is charged with legal awareness of the present or potential ill effect, not from the onset or manifestation of disability or impairment. Id. at 1256–1257. (emphasis in original).

Although, as noted, we were dealing with the initial one year statute of limitation in *McDonald,* something satisfied here by Company's filing of the Form 2, it is clear that had Company *not filed the Form 2 the one year provision* applicable in this case *would have started to run from the date of the accident or date of last authorized medical treatment or payment of compensation by Company* under the teaching contained in *McDonald* and *Hackler v. Speed Parts Warehouse,* 775 P.2d 1363, 1363–1364 (Okl.1989), its progeny.[6]

---

**4.** Section 43 was amended in 1985 to provide for a two year statute of limitation. *See* 85 O.S.Supp.1985, § 43(A).

**5.** The filing of a Form 2 at the present time would not be sufficient to toll the present two year statute of limitation of 85 O.S.Supp.1986, § 43(A) by legislative mandate. *See Knott v. Halliburton Services,* 752 P.2d 812, 813 (Okl. 1988). However, the law in effect at the time of White's accident did allow the filing of such a

form to satisfy the one year statute then in effect and our case law mandates we use the law in effect at the time of injury to determine the type of question now before us. *Id.* at 813–814.

**6.** The relevant statute here specifically provided a claim could be filed within one year from the date of last payment of any compensation, remuneration paid in lieu of compensation or

Accordingly, the claim would have been barred by the positive force of the one year statute at the outset and there would be no occasion to reach the issue of the running of the five year provision. White would have been charged with legal awareness of both present or *potential* compensable injury. In essence, White asks us to engraft a discovery rule onto the five year provision of § 43 when we have already rejected such a view in *McDonald* and the cases relied on therein as to the running of the one year statute of limitation, all without specific legislative mandate.

The five year provision to the workers' compensation law was added in 1953. 85 O.S.Supp.1953, § 43; *See also Parsons v. State Industrial Court*, 372 P.2d 27, 29 (Okl.1962). Prior to such time there was an unlimited period of time in which a claimant could move to be awarded permanent disability after an award was entered for temporary disability only. *See McCawley v. Crane*, 184 Okl. 64, 85 P.2d 423, 424–425 (1938). The five year provision changed this open ended rule. *See Parsons, supra* at 29. Two Court of Appeals cases have recognized the five year provision, in part, was promulgated by the Legislature to limit the period of potential liability of an employer once an employer timely filed a Form 2 with the Workers' Compensation Court. *Kyseth v. St. John Medical Center*, 740 P.2d 174, 176 (Okl.Ct. App., Div. 4, 1987); *Mertz, Inc. v. Gulley*, 663 P.2d 753, 754–755 (Okl.Ct.App., Div. 4, 1983) (dicta). The Court of Appeals in *Mertz* used the following language to describe the situation:

> The Oklahoma Legislature in 1953 amended 85 O.S. § 43 to include a five year limitation on the "prosecution" of

formally filed claims. When claimant has formally filed his claim [via a form 3], he must, in good faith, request a hearing and final determination within five years or his claim is barred.
> 
> \* \* \*
> 
> [Section 43] bars claims that have become stale *after* invoking the jurisdiction of the Workers' Compensation Court. Its obvious intention is to provide for the expeditious "prosecution" of claims once the jurisdiction of the court has been invoked. The act of filing the claim tolls the statute of limitation, but the legislature has chosen to limit the period of potential liability of [employers] thereafter. It seems equally just to limit the period of potential liability of [employers] where the jurisdiction of the court has been invoked by the employer's filing of a form 2. Surely the liability of an employer does not remain open forever. *Id.* at 754. (emphasis in original).

These statements found in *Mertz* correctly delineate the purpose and effect of the five year provision of § 43. It was to place an outer time limit in the first instance for an employee to request final determination of his claim once the Workers' Compensation Court's jurisdiction is properly invoked. Once this request has been made and an order entered as to permanent disability the employee may then have the flexible periods of time to make application to reopen the matter based on change of condition under 85 O.S.1981, § 43 [now § 43(C)], which periods themselves put additional time limits on a worker when an order has, in fact, been entered in a matter.[7] The Court of Appeals instead of following the mandate of the five year period

---

within one year from last authorized medical treatment. 85 O.S.1981, § 43.

**7.** We have ruled a finding by the compensation court a worker has sustained no permanent disability does not preclude reopening the matter for change of condition as long as an accidental injury was suffered during employment. *Parsons v. State Industrial Court*, 372 P.2d 27, 30 (Okl.1962). *See also Southwest Stone Company v. Washington*, 381 P.2d 872, 874–876 (Okl. 1963). *Southwest Stone* was a cumulative injury case where we made clear a worker could file

a claim for compensation even though he has no present compensable disability. If the award is denied for want of compensable disability the matter may be reopened if his condition should change during the times fixed by § 43 for reopening the matter. For current statutory periods to reopen for change of condition refer generally to 85 O.S.Supp.1986, § 43(C) and 85 O.S.Supp.1987, § 22. Sections 22 and 43 were amended by the 1990 Legislature in ways not pertinent here. 1990 Okla. Sess.Laws Serv., ch. 283, §§ 10 and 14.

engrafted a tort-like discovery rule or an "awareness doctrine" previously approved of by this Court in cumulative-effect injury cases [8] to toll the limitation period. We do not believe such a rule is warranted by the statutory language of § 43.

We noted in *McDonald, supra* that the legislatively prescribed limitation periods which govern workers' compensation claims is a completely self-contained regime and in the process rejected the notion that a tort-like discovery rule could be adopted to such claims. *Id.* at 1255, f.n. 13. We further made clear therein that our previous rulings in the cumulative-effect injury cases such as *Munsingwear, Inc. v. Tullis,* 557 P.2d 899 (Okl.1976), "was not intended to be a blank endorsement of an awareness doctrine similar to the 'discovery rule' which applies in general civil litigation. Its teaching was but an adaptation of the [ ] principle that the § 43 one-year limitation begins to run at the time of the *accidental injury* which is known or should be known, not from the time the full extent of the worker's disability becomes manifest." *McDonald, supra,* at 1255–1256. (citations omitted) (emphasis in original). Nowhere does § 43 contain an express provision which would allow us to engraft such a discovery rule onto the five year limitation period, just as we were not free to do so in *McDonald* where there was no legislative language which would have allowed such a discovery rule in regard to the initial limitation period of one year contained in the same statute. To rule otherwise would leave compensation claims of this type completely open to prosecution long after the five year period had run in clear contradiction to the legislative mandate of § 43. Although the five year rule provided by the Legislature may seem harsh in situations like the present one where the full extent of a claimant's disability does not manifest itself for years after the injury this is a situation the Legislature must correct, not this Court under the guise of construction or the engrafting of a tort-like discovery rule that heretofore

has not received legislative approval. *See McDonald, supra,* at 1257.

The decision of the Court of Appeals is VACATED and the Order of the Workers' Compensation Court three-judge panel is SUSTAINED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES and SIMMS, JJ., concur.

DOOLIN and ALMA WILSON, JJ., dissent.

KAUGER, Justice, joined by SUMMERS, Justice, dissenting:

I dissent for the reasons explained in the dissent by Summers, J., in *McDonald v. Time—D.C., Inc.,* 773 P.2d 1252, 1258–65 (Okl.1989).

---

**8.** *See Munsingwear, Inc. v. Tullis,* 557 P.2d 899 (Okl.1976).