**PEPSICO, INC., Petitioner,**

v.

**Norvell LANCASTER, Respondent.**

**No. 75082.**

Supreme Court of Oklahoma.

Nov. 13, 1990.

Michael Glen Coker, Oklahoma City, for petitioner.

E.W. Keller, Oklahoma City, for respondent.

**ORDER**

The facts in this workers' compensation case are not disputed. Claimant alleged a lower back injury occurred on April 24, 1984, while he and another employee were lifting a radiator. He filed his claim for benefits on April 8, 1986. The trial tribunal and the appellate panel rejected Pepsi-Co's statute of limitations defense. Pepsi-Co was held responsible as the guarantor of the workers' compensation liabilities of its wholly-owned subsidiary, Lee Way Motor Freight, claimant's now defunct employer.

PepsiCo argued that the claim was barred by the one-year statute of limitations which was then in effect for single event injuries. The record, however, contains a form 2 notice of injury that Lee Way filed with the Workers' Compensation Court on April 30, 1984. This filing tolled the statute of limitations prior to its 1985 amendment. *See Knott v. Halliburton Services,* 752 P.2d 812 (Okla.1988).

Before the statute was amended in 1985, a form 2 operated to invoke the jurisdiction of the Workers' Compensation Court. *See Mertz, Inc. v. Gulley,* 663 P.2d 753 (Okla. Ct.App.1983). The statute would then bar the action

> unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution. . . .

Okla.Stat. tit. 85, § 43 (1981). Claimant's form 3, claim for compensation, was filed within the five-year period.

The claim for compensation for this injury was timely filed. The orders of the trial tribunal and the appellate panel of the Workers' Compensation Court are therefore sustained.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., recused.