Johnny **THORNTON**, Petitioner,

v.

**MOTT ROOFING AND SHEET METAL, and Liberty Mutual Insurance Co., Respondents.**

No. 72266.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 28, 1989.

Rehearing Denied Feb. 5, 1990.

Wilson N. Jones, Tulsa, for petitioner.

Paul V. McGivern, Jr. and Daniel L. Crawford, Tulsa, for respondents.

## MEMORANDUM OPINION

HUNTER, Judge:

Upon consideration of the briefs and the record in the above-styled matter, the Court finds:

(1) We are called upon to answer two questions in this case of first impression. First, does the Workers' Compensation Court obtain jurisdiction to entertain a claim when claimant signs and presents a Form 3, on the day of hearing, to the Court Reporter for filing although the instrument does not bear a file stamp from the Workers' Compensation Court until after the order is issued by the Court? Second, does the Workers' Compensation Act allow a settlement of a worker's claim by a process of "Agreed denial"? We answer the first question in the affirmative and the second in the negative.

(2) Petitioner was working on a roof on a hot day on July 27, 1988 when he suffered a "heart attack". He first thought he had heat stroke and stopped at the motel and took a cold shower. He kept getting sick so he was taken to the hospital where he was diagnosed as having sustained acute anterior wall myocardial infarction. He was admitted to the hospital where emergency heart catheterization was performed. The catheterization revealed that he had severe three vessel coronary artery disease with two vessels occluded. He became very unstable and hypotensive and underwent an emergency percutaneous transluminal coronary angioplasty of the occluded left anterior descending coronary artery. He was then transferred to the surgical suite where emergency coronary artery bypass surgery was performed. The medical report in the record states: "Mr. Thornton had underlying diffuse coronary artery disease which was not secondary to his work. His actual heart attack may have occurred at the time it did because of his working in the hot conditions present that day. Because his heart attack was effectively interrupted his left ventrical function was in the normal range by the time of his discharge. It is anticipated that he will be able to return to work, but this will not be known until his followup visit."

(3) On September 14, 1988, at Tulsa, Oklahoma, Petitioner signed an Employee's First Notice of Accidental Injury and Claim for Compensation (Form 3). The trial judge signed an order, dated that same day, finding that Petitioner did not sustain an accidental injury arising out of and in the course of his employment. This order was also signed by the Petitioner and the attorney for Respondent. Although the Form 3 was apparently given to the Court Reporter for filing, it was not filed until more than two months later.

(4) The record indicates that Petitioner was seen by the trial judge and some unrecorded discussion was had. Petitioner was then examined before the Court Reporter by Respondent's counsel. The transcript of that examination was not on file or available until this Court obtained it on October 3, 1989 and the reporter's certificate is dated September 24, 1988 and is unsigned. Although the face of the transcript indicates that the proceedings were had before the trial judge, a reading of the transcript clearly shows that it was taken out of the presence of the trial judge. Thus, we are unable to ascertain, from the record, what evidence, if any, the trial judge considered in reaching his decision.

(5) Petitioner sought the advise of counsel and requested counsel to file an appeal from the September 14th Order. On September 24, 1988, counsel for Petitioner attempted to file an appeal to an en banc panel of the Court but was informed that there was no court file or case number for his case and no Form 3 had ever been filed. The clerk then returned the appeal to Petitioner's counsel.

(6) The record reflects the following information:

a. June 27, 1987—Date of injury.

b. July 8, 1987—Form 2, Employer's notice of injury filed and given Workers' Compensation Court Number 88–18678Q.

c. September 14, 1987—"Agreed denial" entered into at Tulsa, Oklahoma. Claimant paid $46,000.00.

d. November 15, 1987—Letter from Respondent's attorney to Court Clerk filed.

e. November 29, 1988—Letter from Petitioner's attorney to Court Clerk filed. Form 3, Employee's notice of injury filed and given Court Number 88–18649–R

f. November 30, 1988—trial judge's order filed with no case number shown.

g. December 2, 1988—trial judge's order filed with Case Number 18649–R written in and certificate of mailing dated December 12, 1988.

h. December 21, 1988—Designation of record filed by Petitioner's counsel in case 18649–R.

i. October 3, 1989—Transcript with case Number 88–18678Q written in, filed with Supreme Court Clerk, not file stamped in Workers' Compensation Court and not signed by Court Reporter.

■ (7) We first determine that the Workers' Compensation Court did obtain jurisdiction to hear this matter. The Form 2 filed by Respondent on July 8, 1987 was sufficient to vest the Court with jurisdiction. *Bennett v. Scrivner*, 694 P.2d 932 (Okl.1985). We hold that, in the absence of fraud, submission of the Form 3 to the Court Reporter for filing is sufficient to vest the Court with jurisdiction.

■ (8) Workers' Compensation is a creature of statute. Title 85 O.S.1986 Supp. § 26 provides, in pertinent part:

If the employer and the injured employee shall reach a final agreement as to the facts with relation to an injury, and the resulting disability for which compensation is claimed under the Workers' Compensation Act, a memorandum of such agreement, in form as prescribed by the Administrator, signed by both the employer and employee, and approved by the Court shall be filed by the employer with the Administrator. In the absence of fraud this agreement shall be deemed binding upon the parties thereto. Such agreement shall be approved by the Court only when the terms conform to the provisions of the Workers' Compensation Act. The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Workers' Compensation Act. The Court shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award determining such claim for compensation, and file the same in the office of the Administrator, together with the statement of its conclusion of fact and rulings of law.

85 O.S.1981 § 84 provides, in pertinent part:

... upon petition filed by the employer or insurance carrier, and the injured employee, or other person entitled to compensation under the Workers' Compensation Act, the Court shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition.... If the Court decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly

and the Court may make an award that shall be final as to the rights of all parties to said petition and thereafter the Court shall have no jurisdiction over any claim for the injury or any results arising from same.

85 O.S.1981 § 48 provides, in pertinent part:

Claims for compensation or benefits due under the Workers' Compensation Act shall not be assigned, *released* or commuted except as provided by the Workers' Compensation Act, .... (Emphasis added)

85 O.S.1981 § 47 provides:

No agreement by an employee to waive his right to compensation under this act shall be valid.

From a plain reading of these statutes we find that The Workers' Compensation Act provides only two methods for settling a Workers' Compensation claim, other than a full adversary hearing. These are commonly known as a Form 14, agreed statement of facts, as provided by § 84 or a Joint Petition as provided by § 26. The provisions of §§ 47 and 48 clearly indicate that the Legislature did not intend any other method of release or settlement be utilized. We hold that the "agreed denial" utilized in this case constitutes an impermissible waiver of Petitioner's rights.

Respondent requests, in the event we Vacate and Remand this matter, that we order the Petitioner to return the monies paid to him by Respondent for the "agreed denial". We decline to make such a ruling and leave that matter to the trial court.

For the reasons set forth above the order of the trial court appealed from is VACATED and this matter REMANDED for further proceedings.

GARRETT, P.J., and MacGUIGAN, J., concur.